**Robert B. BURNS, Plaintiff—Appellant,**

v.

**James P. BALDWIN, et al., Defendants—Appellees.**

No. 02–55116.

D.C. No. CV–00–00249–AHS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2003.

Decided March 18, 2003.

Before PREGERSON, THOMAS, Circuit Judges, and JORGENSON, District Judge.*

MEMORANDUM**

Robert B. Burns appeals the dismissal of his fourth amended complaint and dismissal of his Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO") claim from his third amended complaint. We affirm. Because the parties are familiar with the factual and procedural histories of this case, we need not recount them here.

I

For the reasons stated in the district court's December 21, 2001, decision, we affirm the dismissal of Burns' fourth amended complaint.

II

On August 6, 2001, the district court dismissed Burns' third amended complaint. A plain reading of the district court's August 6, 2001, order indicates that the district court did not base its dismissal on any grounds raised by the Defendants–Appellees' motion to dismiss. In fact, the district court stated that the entire third amended complaint was being dismissed because the factual circumstances had changed. Burns was granted leave to file a fourth amended complaint. The district court's order did not include any language that prohibited a fourth amended complaint from including the RICO claim. On September 5, 2001, Burns filed a fourth amended complaint. That complaint alleged fraudulent transfer of assets, conspiracy to fraudulently transfer or conceal assets, and conspiracy to defraud. However, the fourth amended complaint did not include a RICO claim.

A plaintiff "waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997). By not realleging the RICO claim in the fourth amended complaint, Burns has waived this claim. Further, Burns has waived the right to attack on appeal the district court's order that dismissed the RICO claim. *Sacramento Coca–Cola Bottling Co. v. Chauffeurs, Teamsters & Helpers Local 150,* 440 F.2d 1096, 1098 (9th Cir.1971); *see also Marx v. Loral Corp.,* 87 F.3d 1049, 1055–56 (9th Cir.1996).

Burns asserts, however, that such a reading would make the first sentence of the district court's order superfluous. However, Burns' interpretation would make superfluous the district court's order dismissing the complaint in its entirety and the district court's statement that it did not base its ruling on the issues raised in

---

* The Honorable Cindy Jorgenson, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Defendants–Appellees' motion to dismiss. Further, Burns' interpretation completely ignores the district court's reliance on the changed circumstances as the basis for dismissal of the third amended complaint. Contrary to the district court's January 25, 2001, order wherein the district court thoroughly discussed the merits of Defendants–Appellees' motion for judgment on the pleadings of the original complaint, the August 6, 2001, order did not discuss the merits of Defendants–Appellees' motion to dismiss. The August 6, 2001, order merely stated that, because the factual circumstances had significantly changed, Burns was granted leave to amend his complaint. By not including the RICO claim in his fourth amended complaint, Burns has waived the RICO claim and his right to attack the district court's ruling on appeal.

**AFFIRMED.**